VIRGINIA:

        IN THE CIRCUIT COURT FOR PRINCE WILLIAM COUNTY

| | |
|---|---|
| JENNIFER O'BRIEN, | )<br>)<br>) |
|     Plaintiff, | )<br>) |
| v. | )   Case Number: 153CL23003043-00<br>) |
| CONSUMER SAFETY TECHNOLOGY, LLC, | )<br>) |
|     Defendant. | ) |

## ANSWER

    COMES NOW, Defendant Consumer Safety Technology, LLC ("CST"), by and through counsel, and submits its Answer to the Complaint filed by Plaintiff Jennifer O'Brien ("Plaintiff") as follows:

GENERAL DENIAL

    CST asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein. CST denies that O'Brien is entitled to any relief whatsoever.

SPECIFIC DENIALS AND RESPONSES

    CST further specifically responds to the allegations in the numbered paragraphs of the Complaint as follows:

### PARTIES

    1.    Admitted.

    2.    Admitted.

    3.    Admitted that Plaintiff worked from her home, and that she traveled to service centers in Virginia as needed.

EXHIBIT 2

1

4. Admitted that Plaintiff alleges a claim under the Virginia Values Act, and denied that CST violated the Virginia Values Act.

5. CST lacks knowledge to admit or deny the allegations in Paragraph 5 of the Complaint, thus pursuant to Rule 1:4(e) the allegations are treated as denied.

6. CST lacks knowledge to admit or deny the allegations in Paragraph 6 of the Complaint, thus pursuant to Rule 1:4(e) the allegations are treated as denied.

7. CST lacks knowledge to admit or deny the allegations in Paragraph 7 of the Complaint, thus pursuant to Rule 1:4(e) the allegations are treated as denied.

## Factual Allegations

8. Admitted that Plaintiff has made allegations concerning her employment with CST.

9. Admitted.

10. Admitted.

11. Denied that Plaintiff was an "excellent" employee. Admitted that Plaintiff met expectations and was not placed on a performance improvement plan during her employment with CST.

12. CST is unable to respond to the allegations in Paragraph 12 of the Complaint because the allegations are vague and nonsensical.

13. Denied.

14. Denied.

15. Admitted.

16. CST lacks knowledge to admit or deny the allegations as to what O'Brien claims to have "noticed" in Paragraph 16 of the Complaint, thus pursuant to Rule 1:4(e) the allegations

are treated as denied. CST specifically denies that the interview as "atypical" or that the interviewers did not have a plan for the position.

17. CST lacks knowledge to admit or deny the in Paragraph 17 of the Complaint, thus pursuant to Rule 1:4(e) the allegations are treated as denied.

18. CST lacks knowledge to admit or deny the allegations as to what O'Brien claims to have "noticed" in Paragraph 18 of the Complaint, thus pursuant to Rule 1:4(e) the allegations are treated as denied. CST specifically denies that by September 2021 Mr. Peck had assumed "many of the job responsibilities of the position that she applied and interviewed for."

19. Denied.

20. Admitted, but denied that Mr. Peck had leadership over Virginia or Virginia Operations and Service Centers.

21. CST lacks knowledge to admit or deny the allegations as to what O'Brien claims to have "observed" in Paragraph 21 of the Complaint, thus pursuant to Rule 1:4(e) the allegations are treated as denied. CST admits that Mr. Peck's e-mail signature beginning in November 2021 stated, "Strategic Partners Director."

22. Denied.

23. Denied.

24. Admitted that the Service Center Manager position was posted in January 2022. The remaining allegations in Paragraph 24 of the Complaint are denied.

25. Admitted that in January 2022, Montgomery spoke with Plaintiff. The remaining allegations in Paragraph 25 are denied.

26. Denied.

27. Denied.

3

28. CST lacks knowledge to admit or deny the allegations as to what O'Brien claims to have "noticed" in Paragraph 28 of the Complaint, thus pursuant to Rule 1:4(e) the allegations are treated as denied. Admitted that when Plaintiff went out on leave that she requested in February 2022, her access to company email was suspended. The remaining allegations in Paragraph 28 of the Complaint are denied.

29. Admitted that Plaintiff and the Chief Human Resource Officer met on March 2, 2022. The remaining allegations in Paragraph 29 of the Complaint are denied.

30. Denied.

31. Denied.

32. CST lacks knowledge to admit or deny the allegations in Paragraph 32 of the Complaint, thus pursuant to Rule 1:4(e) the allegations are treated as denied. Further, the allegations in Paragraph 32 contradict the allegations in Paragraph 5 of the Complaint which claims that she filed a Charge of Discrimination with the OCR on May 26, 2022.

33. Denied.

34. Denied.

35. Denied.

36. Denied, and it is specifically denied that Plaintiff was subjected to discrimination.

### COUNT I: VIOLATION OF VA CODE § 2.2-3900

37. CST incorporates by reference herein its responses to the prior allegations.

38. Denied.

39. Paragraph 39 of the Complaint states a legal conclusion for which no response is required. The language of the statute speaks for itself.

40. Denied.

4

41. Denied.

42. Denied.

43. Denied.

44. Denied, and it is specifically denied that Plaintiff was subjected to discrimination based on her sex.

45. Denied.

WHEREFORE, it is denied that Plaintiff is entitled to any relief whatsoever, and CST seeks judgment in its favor and an award of its costs.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by the statute of limitations.

2. CST's alleged actions were taken for legitimate nondiscriminatory and non-retaliatory reasons unrelated to Plaintiff's sex or any other protected category or activity.

3. In the alternative to paragraph 2 above, if it is found that any action taken by CST was motivated in part by discrimination or retaliation, which is denied, CST would have taken the same action irrespective of such alleged motive.

4. CST through the complaint procedure contained in its Employee Handbook exercised reasonable care to prevent and correct any harassing, discriminatory or retaliatory conduct, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities.

5. CST acted in good faith and in a manner consistent with business necessity.

**TRIAL BY JURY IS HEREBY DEMANDED**

Date: April 28, 2023                                        Respectfully submitted,

                                                            CONSUMER SAFETY

TECHNOLOGY, LLC

By Counsel:

*Michael E. Barnsback*

Michael E. Barnsback, Esq. (VSB# 33113)
O'Hagan Meyer, PLLC
2560 Huntington Ave., Suite 204
Alexandria, Virginia 22303
Ph:    703-775-8601
Fax:   804-403-7110
mbarnsback@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2023, I served a copy of the foregoing, via U.S. Mail, postage prepaid and e-mail, to the following:

Jason F. Zellman
Surovell Isaacs & Levy PLC
4010 University Drive
Second Floor
Fairfax, VA  22030
*Counsel for Plaintiff*

*Michael E. Barnsback*

Michael E. Barnsback, Esq.

6

FILED
2023 APR 28  AM 9:58
CIRCUIT COURT CLERKS OFFICE
PRINCE WILLIAM COUNTY, VA
BY:_____ DEPUTY